IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JAMES COPLEY,**

    **Plaintiff,**

v.                                    Case No. 2:07-cv-00451

**JOHN WILSON, Vice President,
Putnam County Bank, and
UNITED STATES OF AMERICA,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action filed by *pro se* plaintiff James Copley on July 2, 2007, in the Magistrate Court of Putnam County, West Virginia, against a vice president of a bank and an employee of the United States Department of Agriculture, in which Plaintiff alleged that "the defendants removed an unauthorized $400 from the plaintiff's checking account . . . ." (Notice of Removal, docket # 1, at 6.)  The summonses were personally served on the defendants.  Id., at 7-8.

On July 20, 2007, the United States of America, on behalf of its employee, Joe McMillion, removed this civil action to this United States District Court pursuant to 28 U.S.C. § 1442(a)(1). On August 13, 2007, the United States filed a Motion to Dismiss Joe McMillion and to Substitute the United States of America as Party Defendant (# 4) and a Memorandum of Law in support thereof (# 5).

By Memorandum Opinion and Order entered December 19, 2007 (# 7), the presiding District Judge, the Hon. John T. Copenhaver, Jr., granted the Motion.

Pending before the court are the Motion to Dismiss filed by the United States (# 10) on January 30, 2008, with a memorandum in support (# 11), and Plaintiff's Motion for Summary Judgment (# 13).

The government's motion and memorandum assert that, based on the doctrines of derivative jurisdiction and sovereign immunity, this court lacks subject matter jurisdiction. (# 10 at 1;# 11 at 3-5). Specifically, the memorandum states:

> A federal district court's subject matter jurisdiction following removal by the United States under 28 U.S.C. § 1442(a)(1) is derived from the jurisdiction of the state court. [Citations omitted.] Consequently, if the state court lacked subject matter jurisdiction, the federal court also lacks subject matter jurisdiction following removal. Dismissal in such circumstances is appropriate even if the federal court might have had subject matter jurisdiction had the action been initiated in federal court. [Citation omitted.]
>
> The initial jurisdictional hurdle for any action against the United States is sovereign immunity. * * *
>
> Mr. Copley has not cited – nor has the United States found – a single statutory or constitutional remedy that authorizes him to sue the United States for money damages in a West Virginia Magistrate Court. The only remotely applicable waivers of sovereign immunity are those for contract claims prescribed in 28 U.S.C. §§ 1346(a)(2) and 1492, and for tort claims in 28 U.S.C. § 1346(b). However, both these waivers are limited exclusively to actions initiated in federal court. Therefore it is clear that the Magistrate Court of Putnam County had no subject matter jurisdiction over Mr. Copley's claim against the United States and that this Court obtained no subject matter jurisdiction of the claim upon removal under 28 U.S.C. § 1442(a)(1). [Citation omitted.]

2

(# 11, at 4-6.)

Although the undersigned alerted Plaintiff to his right to file a response to the Motion to Dismiss (Order entered March 17, 2008, # 12), he did not do so. Instead, Plaintiff filed a "Motion for Summary Judgment" (# 13), which states, in its entirety, as follows:

> The Plaintiff moves the Court for Summary Judgment on the evidence pursuant to Rule 12(C) of the Federal Rules of Civil Procedure.
>
> The above action stems from civil action # 07C-531 being filed in the Magistrate Court of Putnam County on 07/05/07. The action was initiated after a United States Department of Agriculture check # 149006 was fraudulently cashed at the Putnam County Bank in Hurricane, WV. The check in the amount of $400.00 was cashed against the Plaintiff's USDA Rural Development loan account #34226037 without his approval or signature. The back of the check states "O.K. by Joe McMillion."
>
> The "MEMORANDUM OPINION AND ORDER" dated December 19, 2007 substituted the United States for the defendant Joe McMillion. The Plaintiff did not object. The plaintiff is only asking for a $400.000 on the above mentioned USDA Loan Contract or the $400 cash reimbursement since the Plaintiff is the only innocent party in the above fiasco.

(# 13, at 1.)

In its reply, the United States points out that Plaintiff did not respond to the assertion of lack of subject matter jurisdiction. (# 14, at 1-2.)

In <u>Bradshaw v. Town of Ceredo, et al.</u>, Case No. 2:05-cv-00644, (S.D. W. Va., Oct. 7, 2005), Chief Judge Goodwin granted a Motion

to Dismiss filed by the United States Army Corps of Engineers on the basis of the doctrine of derivative jurisdiction. The Memorandum Opinion and Order states as follows:

> When a case is removed under 28 U.S.C. § 1442(a)(1), the federal court acquires the same jurisdiction over the suit that the state court had; in other words, the federal court's jurisdiction is derivative of the state court's jurisdiction. Smith v. Cromer, 159 F.3d 875, 879 (4th Cir. 1998). If the state court lacked jurisdiction over the subject matter of the parties, then the federal court acquires none when the action is removed, even if the federal court would have had jurisdiction in the matter had it been brought originally in federal court. Minnesota v. United States, 305 U.S. 382, 389 (1939). Because this action was removed under § 1442(a)(1), the court first must determine whether the state court from which the action was removed had subject matter jurisdiction. If the state court lacked jurisdiction over the plaintiff's claim against the Corps, then the claim against the Corps must be dismissed. See Franchise Tax Bd. v. Constr. Laborers Vac. Trust, 463 U.S. 1, 24 n.27 (1983)(explaining dismissal of a claim is proper when derivative jurisdiction prevents district court from gaining subject matter jurisdiction over the claim).
>
> The Federal Tort Claims Act vests exclusive jurisdiction for tort claims against the United States in federal district courts. 28 U.S.C. § 1346 (2000). Thus, the West Virginia state court in this case did not have jurisdiction to decide the claim against the Corps. Accordingly, this court lacks subject matter jurisdiction over the claim because the claim was removed to this court based on the derivative jurisdiction of the state court. See Bailey v. Alan Stone Co., 1:04-cv-33 (S.D. W. Va. Mar. 29, 2004)(finding the court lacked jurisdiction over a similar claim against the United States for indemnification from a defective bridge because of derivative jurisdiction).

Bradshaw, 2005 WL 2487827, at *1-2.

Plaintiff has failed to establish that the Magistrate Court of Putnam County had subject matter jurisdiction over his claim that

4

a federal employee may have authorized the cashing of a check drawn on Plaintiff's Rural Development loan account. It does not matter whether the employee is named individually or whether the United States is substituted for the employee; the fact remains that the Magistrate Court lacks subject matter jurisdiction over the issue.

Plaintiff has also failed to demonstrate that he is entitled to summary judgment (Rule 56) or judgment on the pleadings (Rule 12(c)). Judgment cannot be entered in a case in which a court lacks subject matter jurisdiction; the appropriate action is dismissal.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, based upon the sovereign immunity of the United States and the doctrine of derivative jurisdiction, this federal court lacks subject matter jurisdiction over Plaintiff's claim against the United States of America. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 10) filed by the United States, dismiss this action with prejudice as to the United States, and remand the matter to the Magistrate Court of Putnam County for such further proceedings as to John Wilson as may be appropriate.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED** and a copy will be submitted to the

Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

    August 6, 2008
        Date

Mary E. Stanley
United States Magistrate Judge

6